GROUP OF TENANTS FROM GRANDVIEW HOMES, APPELLANTS,
*v.* MAR-LEN REALTY, INC., APPELLEE.

[Cite as Group of Tenants v. Mar-Len
Realty, Inc. (1974), 40 Ohio App. 2d 449.]

(No. 1-73-98—Decided April 22, 1974.)

*Mr. David A. Little* and *Mr. Alfred E. Baerkircher,*
for appellants.
*Messrs. Everett & Blair* and *Mr. Allan D. Dobnicker,*
for appellee.

COLE, J. This is an appeal from a judgment of the Common Pleas Court dismissing a complaint which purported to state a class action, for failure to do so. The complaint described the plaintiff in the caption as:

"A Group of Tenants From The Grandview Homes, on behalf of themselves and all others similarly situated."

The address of their counsel was given as the address for the plaintiff. Civil Rule 10(A) states, in part: "In the complaint the title of the action shall include the names and addresses of all the parties * * * ." The sole exception to this mandatory requirement appears in Civil Rule 16 which governs the case of a *defendant* whose name was initially unknown.

This rule is mandatory. It carries forward the preexisting requirements for the identification of the parties. 43 Ohio Jurisprudence 2d 104, Pleading, Section 69. In the

newer modes of pleading, which are reliant to a great extent upon the various forms of discovery, to permit an anonymous complainant would defeat the entire theory.

It is urged that this is simply a matter of form. We disagree. The existence of an identifiable complainant is essential to the existence of an action. Particularly, as here, where an unidentified group is involved, there is no assurance that the individual components of the group may not drift in and out of the lawsuit with no one utimately responsible for it, and no one set of facts determinative of it.

If there is no complainant, there is no complaint; if there is no complainant, there can be no class action; and if there is no complainant, there can be no appellant. Appellate Rule 3(C) states, in part: "The notice of appeal shall specify the party or parties taking the appeal * * *."

A group of unnamed persons not constituting an unincorporated association is not a legal entity capable of initiating an action nor is it a party capable of initiating an appeal.

This appeal is dismissed *sua sponte* for want of an appellant.

*Appeal dismissed.*

GUERNSEY, P. J., and MILLER, J., concur.