NORTHERN WOODS CIVIC ASSOCIATION ET AL., APPELLANTS, *v.* CITY OF COLUMBUS GRAPHICS COMMISSION ET AL., APPELLEES.

(No. 86AP-523—Decided December 9, 1986.)

*J. Patrick Thomas,* for appellants.

*Ronald J. O'Brien,* city attorney, and *James D. Viets,* for appellee Columbus Graphics Comm.

*Lucas, Prendergast, Albright, Gibson & Newman, Robert E. Albright* and *Edward T. McClellan,* for appellee Loy Wilson.

WHITESIDE, J. Appellants, Northern Woods Civic Association, Northgate Civic Association and Cooper Ridge Civic Association, appeal from a judgment of the Franklin County Court of Common Pleas dismissing their appeal from a decision of the city of Columbus Graphics Commission for lack of standing to appeal and raise a single assignment of error as follows:

"The court below erred in holding that Appellants did not have standing to appeal the decision of the Columbus Graphics Commission and in sustaining the Appellee's Motion to Dismiss."

Appellants Northern Woods and Northgate are nonprofit corporations, and appellant Cooper Ridge is an unincorporated association. They concede that none of them is directly adversely affected by the decision of the city of Columbus Graphics Commission. They contend that, since they were formed for the purpose of representing property owners and promoting civic betterment, they are entitled to appeal on behalf of their members who are directly affected by the decision of the city of Columbus Graphics Commission, being property owners whose property is adjacent to the site upon which the variance was granted for erection of a sign.

This court has previously held that a nonprofit corporation or unincorporated association has standing to maintain an action for declaratory judgment or injunction on behalf of its members where the members would otherwise have standing to sue, the interests sought to be protected are germane to the purpose of the organization, and neither the claim asserted nor the relief requested necessarily requires participation of individual members in the case. The issue before us is whether this representation by an association extends to the right of appeal afforded by R.C. Chapter 2506. We conclude that it does not.

In *In re Appeal of Bass Lake Community, Inc.* (1983), 5 Ohio St. 3d 141, at 144, 5 OBR 273, at 275, 449 N.E. 2d 771, at 774, the Supreme Court stated as follows:

"* * * R.C. Chapter 2506 provides a right of appeal for those whose legal rights have been adjudicated by an action of an administrative board. * * * However, R.C. 2506.01 expressly limits the availability of appeal to those whose rights, duties, privileges, benefits or legal relationships have been determined by the decision. * * *"

The right to appeal is conferred only upon the person so affected. There is no provision by statute, or otherwise, whereby another may file the appeal in a representative capacity on behalf of the person who is affected. In *Schomaeker* v. *First Natl. Bank* (1981), 66 Ohio St. 2d 304, 20 O.O. 3d 285, 421 N.E. 2d 530, the Supreme Court indicated that the class of persons entitled to appeal under R.C. Chapter 2506 consists of those persons directly affected by the administrative decision. See, also, *Roper* v. *Bd. of Zoning Appeals* (1962), 173 Ohio St. 168, 18 O.O. 2d 437, 180 N.E. 2d 591. During the course of the opinion in *Schomaeker,* Justice Clifford F. Brown stated succinctly at 311-312, 20 O.O. 3d at 290, 421 N.E. 2d at 537: "In order to bring an R.C. Chapter 2506 direct appeal of an administrative order, plaintiff must be a person directly affected by the decision of the planning commission."

Appellants have cited, and we know of, no authority indicating that a person not entitled to appeal may nevertheless appeal in a representative capacity on behalf of a person who is entitled to appeal, even though the person attempting to appeal is an association formed for the purpose of protecting its members and the person entitled to appeal is a member of such association.

The right to appeal exists only where expressly conferred by statute. There is nothing in R.C. Chapter 2506 or 2505 in any way suggesting that an appeal may be brought on behalf of a person entitled to appeal by a voluntary association of which he is a member. Ac-

cordingly, we conclude that the trial court did not err in finding that appellants, not directly affected by the decision appealed from, had no standing to appeal from such decision, even though some of the members of appellants may have had a right to appeal.

In this regard, we note that appellants Northern Woods and Northgate, in opposition to the motion to dismiss in the trial court, respectively submitted affidavits setting forth the geographical areas of their memberships, but in such affidavits indicate neither the number of members of the associations nor that any member of the associations was directly affected by the decision from which the appeal is taken. Even if it were possible for appellants to appeal on behalf of their members, the evidence offered by them in opposition to the motion to dismiss in the trial court is insufficient to establish their standing to represent their members on appeal. However, as indicated above, we determine that a representative appeal is not available to an association on behalf of its members in the absence of specific statutory authority of which there is none. Accordingly, the assignment of error is not well-taken.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

MCCORMAC and BADGER, JJ., concur.

BADGER, J., of the Knox County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.