**NOE BIXBY ROAD NEIGHBORS, Appellant,**

v.

**COLUMBUS CITY COUNCIL, City of Columbus, et al., Appellees.**

[Cite as *Noe Bixby Rd. Neighbors v. Columbus City Council,* 150 Ohio App.3d 305, 2002-Ohio-6453.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 02AP–463 and 02AP–464.

Decided Nov. 26, 2002.

Porter, Wright, Morris & Arthur, LLP, J. Jeffrey McNealey and Michael E. McCarty, for appellant.

Janet E. Jackson, City Attorney, Stephen L. McIntosh, City Prosecutor, and Keith S. Mesirow, Assistant City Prosecutor, for appellee city of Columbus.

Smith & Hale and Harrison W. Smith Jr., for appellee Maryhaven, Inc.

DESHLER, Judge.

{¶ 1} Appellant, Noe Bixby Road Neighbors, appeals from a March 2002 decision and entry by the Franklin County Court of Common Pleas that granted a motion to dismiss by appellee, the Columbus City Council, and denied appellant's motion for a de novo hearing. The matter arose out of a decision by the Columbus City Council, which, over the objection of appellant, granted a use variance to appellee Maryhaven, Inc., for a proposed residential facility on Noe Bixby Road for former female patients of Maryhaven's alcohol and drug treatment center. Appellant seeks to vacate the variance, arguing that the facility would adversely affect surrounding landowners. The trial court found that appellant is an unincorporated association that was a proper party to the action, but held that appellant lacked the right to appeal the decision of the Columbus City Council, pursuant to this court's holding in *N. Woods Civic Assn. v. Columbus Graphics Comm.* (1986), 31 Ohio App.3d 46, 31 OBR 62, 508 N.E.2d 676.

{¶ 2} Appellant now assigns as error:

{¶ 3} "The Franklin County Court of Common Pleas, as a matter of law, erred in granting appellee city of Columbus, Ohio's amended motion to dismiss by finding that the appellant did not have standing to appeal pursuant to Ohio Revised Code Chapter 2506."

{¶ 4} In *Northern Woods*, this court addressed whether the representation of an unincorporated association extends to the right of appeal afforded under R.C. Chapter 2506.[1] Relying upon *Schomaeker v. First Natl. Bank* (1981), 66 Ohio

---

1. {¶ a} R.C. 2506.01 provides: "Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code, except as modified by this chapter.

St.2d 304, 20 O.O.3d 285, 421 N.E.2d 530, for its holding that the class of persons entitled to appeal under R.C. Chapter 2506 "consists of those persons directly affected by the administrative decision," this court held that an unincorporated association lacks standing to appeal in a representative capacity on behalf of a person who is entitled to appeal but does not do so. The holding in *Northern Woods* has since been followed by the Sixth District Court of Appeals in *Women of the Old W. End, Inc. v. Toledo* (June 5, 1998), Lucas App. No. L–97–1204, 1998 WL 334188, and by the Eleventh District in *Brady Area Residents Assn. v. Franklin Twp. Zoning Bd. of Appeals* (Dec. 11, 1992), Portage App. No. 92–P–0034, 1992 WL 366890, cases which are factually similar to the case at bar. Our review of these cases convinces us that the trial court properly dismissed the appeal.

{¶ 5} Appellant asserts that *Johnson's Is. Prop. Owners' Assn. v. Schregardus* (June 30, 1997), Franklin App. No. 96APH10–1330, 1997 WL 360851, implicitly overruled *Northern Woods*. The facts in *Johnson's Island* involved an appeal from a decision by the former Environmental Board of Review that vacated a permit to install a sanitary sewer system. The appeal was filed pursuant to R.C. 3745.07, which allows a right of appeal to any person aggrieved or adversely affected by the Ohio Environmental Protection Agency's grant of a permit, and not under R.C. Chapter 2506. In its decision, this court stated:

{¶ 6} " * * * [A]ssociations * * * may represent their members in a suit if they demonstrate that any one of their members is suffering immediate or threatened injury arising from the challenged action, and the nature of the claim advanced and relief sought does not necessitate individual participation of each injured party in order to arrive at a proper resolution of the case." *Johnson's Island,* citing *State ex rel. Connors v. Ohio Dept. of Transp.* (1982), 8 Ohio App.3d 44, 46–47, 8 OBR 47, 455 N.E.2d 1331.

{¶ 7} This court concluded that although evidence of actual injury to members of the homeowners' association was slight, the evidence did support a finding that the members suffered an injury in fact for purposes of standing to sue.

{¶ 8} *Johnson's Island* involved the question of standing to sue and was based upon an effort to obtain a de novo hearing of a matter that had not

---

{¶ b} "The appeal provided in this chapter is in addition to any other remedy of appeal provided by law.

{¶ c} "A 'final order, adjudication, or decision' means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding."

previously been subject to the adjudicatory process. In the case at bar, appellant's claim has been heard by the Columbus City Council, and appellant had the opportunity to present testimony at that time. Moreover, no one doubts that appellant has standing to sue; the issue is whether appellant has standing to appeal. As this court pointed out in *Northern Woods*, "[t]he right to appeal exists only where expressly conferred by statute," so that if the express language of R.C. Chapter 2506 does not permit appeal under the instant facts, an appeal cannot be taken. Id., 31 Ohio App.3d at 47, 31 OBR 62, 508 N.E.2d 676.

{¶ 9} In further distinguishing *Johnson's Island,* we note that R.C. 2506.01 applies to an appeal from a decision of a political subdivision and not to an administrative appeal from a decision of a state agency, which is an "instrumentality of the state" and not a "geographic or territorial division of the state." *Fair v. School Emp. Retirement Sys.* (1975), 44 Ohio App.2d 115, 119, 73 O.O.2d 101, 335 N.E.2d 868. Clearly, R.C. Chapters 2506 and 3745 outline two different statutory schemes, and cases arising out of the two chapters are analogous only in the broadest sense.

{¶ 10} Having found that this case is nearly identical to *Northern Woods* and that this court's decision in *Johnson's Island* is not dispositive, we conclude that the association known as Noe Bixby Road Neighbors could not prosecute an appeal in a representative capacity for its members, who were required to appeal on their own behalf as persons directly affected by the decision of the Columbus City Council in order to assert their claims of injury.

{¶ 11} Many who object to the proposed location for the Maryhaven facility will be frustrated by this result, having held the belief that their interests on appeal were represented by the Noe Bixby Road Neighbors association. It has been noted, however:

{¶ 12} " * * * The existence of an identifiable complainant is essential to the existence of an action. Particularly, as here, where an unidentified group is involved, there is no assurance that the individual components of the group may not drift in and out of the lawsuit with no one utimately [sic] responsible for it, and no one set of facts determinative of it." *Group of Tenants v. Mar–Len Realty, Inc.* (1974), 40 Ohio App.2d 449, 450, 69 O.O.2d 389, 321 N.E.2d 241.

{¶ 13} This problem of the "amorphous party" is illustrated in the pleadings before us by the fact that, at different times, different persons and groups have purported to be members of the association, and that within at least one of the groups there is disagreement about whether to oppose the facility. Where individuals, in their own right and on their own behalf, bring the appeal, such confusion is avoided.

{¶ 14}  Appellant's assignment of error is overruled, and the judgments of the Franklin County Court of Common Pleas dismissing these actions for lack of standing are affirmed.

Judgments affirmed.

BROWN and KLATT, JJ., concur.