[Cite as *Hartman v. Perler-Tomboly*, 2013-Ohio-1752.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TIFFANY HARTMAN, | : | APPEAL NOS. C-120428 |
| | | C-120597 |
| Plaintiff-Appellee/Cross-Appellant, | : | C-120604 |
| | | TRIAL NO. A-0802935 |
| | : | |
| vs. | | |
| | : | *O P I N I O N.* |
| SAMUEL PERLER-TOMBOLY, | | |
| | : | |
| Defendant-Appellant/Cross-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  May 1, 2013

*Robert A. Klingler*, for Plaintiff-Appellee/Cross-Appellant,

*Lindhorst & Dreidame*, *Michael F. Lyon* and *Bradley D. McPeek*, for Defendant-Appellant/Cross-Appellee.

Please note:  this case has been removed from the accelerated calendar.

Per Curiam.

{¶1}   This civil action arises from the sexual battery of plaintiff-appellee/cross-appellant Tiffany Hartman by defendant-appellant/cross-appellee Samuel Perler-Tomboly ("Perler"), and the resulting damages to Hartman.  Perler appeals from the denial of his motion to dismiss and from that portion of the judgment awarding compensatory damages to Hartman for the period from May 2008, when Hartman last saw her psychologist, until trial.  Hartman, in turn, appeals from that portion of the trial court's decision denying attorney fees to Hartman for one of Hartman's previous attorneys who had filed a notice of charging lien against the judgment.

{¶2}   For the reasons that follow, we find merit in Hartman's appeal, therefore, we reverse that portion of the trial court's judgment denying attorney fees to Hartman for the attorney who had filed a charging lien.  We affirm the remainder of the trial court's judgment.

## Facts and Procedural Background

{¶3}   On October 9, 2007, Hartman sought emergency medical treatment at Mercy Hospital Anderson for abdominal pain.  Perler was Hartman's treating physician in the emergency room.  After administering medications to Hartman, Perler sexually molested her, and, as a result, Perler was convicted of sexual battery and gross sexual imposition.  Hartman sued Perler in February 2008, and the matter proceeded to a jury trial in April 2012, where the sole issue at trial was damages.

{¶4}   Hartman's ex-husband, Steve Hartman, testified at trial as to Hartman's change of behavior since the incident with Perler.  Mr. Hartman testified that he and Hartman had divorced just weeks prior to the incident with Perler, but

that Hartman had seemed hopeful about the future and had begun to go out more. After the incident, Mr. Hartman testified, Hartman's behavior had changed dramatically: She had become anxious, especially in public places; she had no longer wanted to socialize; and she had felt unsafe at school-related events. Mr. Hartman testified that Hartman's symptoms continued through the time of trial.

{¶5} Hartman testified as to the effects of the incident as well. She remained unable to keep steady employment since the incident, she was not able to be the mother that she used to be, and she felt uncomfortable with physical touch. On cross-examination, Hartman acknowledged that she had had a history of mental-health issues. While growing up, Hartman had been emotionally and physically abused by her father. Her medical records referenced suicide attempts. She had been in an unhappy marriage, which had included a separation in 2003 where Hartman had overdosed, and an incident involving drugs where Hartman had called the police to report her then-husband. Hartman had been treated by a psychiatrist as early as 2002 for depression and anxiety, and had taken several different prescription antidepressants since that time.

{¶6} Hartman had begun seeing psychologist Jill Bley shortly after the incident, until May 2008, and Bley testified that Hartman had developed post-traumatic stress disorder as a result of Perler's conduct. Bley testified to the symptoms that Hartman had exhibited, including that Hartman had had trouble caring for her children, had had panic attacks, and had avoided conversations with others. Bley, however, had stopped treating Hartman on May 14, 2008, and Hartman had not been treated by anyone else for the issues she had been experiencing since the incident.

{¶7} At the close of Hartman's evidence, Perler made a motion for a directed verdict, arguing in part that, because Hartman had had emotional and psychological issues well before the incident with Perler, Hartman was required to present expert testimony to the jury on causation as to those damages sustained after treating with Bley. The trial court overruled Perler's motion, but created a jury interrogatory regarding the amount of "emotional psychological damage" for the following time periods: (1) from the date of the incident, October 9, 2007, until Hartman's last visit with Bley, May 2008; (2) from May 2008 until April 16, 2012, the first day of trial; and (3) beyond trial.

{¶8} The jury awarded Hartman $150,000 for the first time period, $55,000 for the second, and $0 for the third. The jury also awarded $25,000 to Hartman in punitive damages, and determined that Perler should pay Hartman's attorney fees. Hartman submitted three separate attorney affidavits in her application for attorney fees. The trial court determined that Hartman could recover $90,000 and $7,965 respectively for two of the attorneys. The trial court determined, however, that Hartman was not entitled to attorney fees for the third attorney, William Knapp, because Knapp had already filed a notice of a charging lien on the judgment.

{¶9} Perler has appealed from the judgment of the trial court, and Hartman has cross-appealed.

*Perler's Appeal*

{¶10}  In his first assignment of error, Perler argues that the trial court erred by overruling his motion for a directed verdict.  Perler specifically challenges the jury's award for the time period of May 2008, when Hartman last treated with Bley, until trial.  Perler argues that Hartman failed to present any expert testimony regarding causation for her psychological damages for this timeframe, which was required given Hartman's mental-health history.

{¶11}  As a general matter, expert testimony is not required to prove pain-and-suffering damages.  *See Fantozzi v. Sandusky Cement Products Co.*, 64 Ohio St.3d 601, 612, 597 N.E.2d 474 (1992).  As stated by the Sixth Appellate District,

> [s]ince pain and suffering are subjective feelings, the injured person's testimony is the only direct proof of such damages.  An expert can only support such evidence indirectly.  Therefore, lay testimony is sufficient by itself to prove past pain and suffering damages.

*Youssef v. Jones*, 77 Ohio App.3d 500, 505, 602 N.E.2d 1176 (6th Dist.1991).  Those lay witnesses who are acquainted with an injured person may also testify as to the injured's pain and suffering.  *Barker v. Barker*, 147 Ohio App.3d 1, 18, 768 N.E.2d 698 (10th Dist.2001).

{¶12}  Perler argues that when an injured party has a "long history of preexisting emotional and psychological problems," expert testimony regarding causation of damages is required.  Perler relies largely on *Culp v. Federated Dept. Stores, Inc.*, 11 Ohio App.2d 165, 229 N.E.2d 100 (2d Dist.1965).  In *Culp*, the

5

plaintiff had been wrongfully detained at the defendant's department store, and according to the complaint, the plaintiff had been suffering from a nervous condition at the time, which had been aggravated by the defendant's conduct. At trial, the only medical expert refused to testify that the defendant's conduct caused the plaintiff's condition, stating that a causal relationship "could possibly" exist. *Id.* at 166. The court determined that expert testimony on causation of damages was required in light of the plaintiff's pre-existing mental history, and, therefore, the court reversed the trial court's denial of the defendant's motion notwithstanding the verdict. *Id.* at 168.

{¶13} Unlike in *Culp*, where no expert testimony was offered to establish causation, Bley testified that Hartman had developed post-traumatic stress disorder as a result of Perler's conduct. Bley also testified as to the nature of Hartman's symptoms, including that Hartman had had trouble caring for her children, had had panic attacks, and had avoided conversations with others. Given Bley's testimony and the testimony of Hartman and her ex-husband that the symptoms had continued through the time of trial, the jury was free to determine the amount of damages for pain and suffering, if any, for the time period when Hartman had last treated with Bley until trial. Therefore, we overrule Perler's first assignment of error.

{¶14} Perler's second, third, and fourth assignments of error all relate to the trial court's decision overruling the motion to dismiss Hartman's original and amended complaints for failure to comply with Civ.R. 10(A), and allowing Hartman to file an amended complaint. Hartman filed her original complaint in February 2008, and instead of using her full name and address in the complaint caption, Hartman used the initials "T.H." and her lawyer's address. Perler's previous

employer raised the failure to comply with Civ.R. 10(A) in February 2009, which was never expressly ruled on by the trial court.  Perler then filed a renewed motion to dismiss on April 12, 2012, just prior to trial.  After trial, but before the entry of final judgment, Hartman filed an amended complaint for the sole purpose of conforming with Civ.R. 10(A).

{¶15}  As a general matter, we review a trial court's denial of a motion to dismiss de novo.  *Inwood Village, Ltd. v. The Christ Hosp.*, 1st Dist. No. C-110730, 2012-Ohio-3434, ¶ 7.  A failure to comply with Civ.R. 10(A) may be cause for dismissal.  *See*, *e.g.*, *State ex rel. Sherrills v. State*, 91 Ohio St.3d 133, 742 N.E.2d 651 (2001).  A court, however, is not required to dismiss a complaint for failure to strictly comply with Civ.R. 10(A).  *See Russell v. Scott*, 10th Dist. No. 98AP-625, 1998 Ohio App. LEXIS 6170 (Dec. 15, 1998) ("[C]aption defects may be disregarded unless the complaining party can demonstrate prejudice resulting from the failure to comply with the requisites of Civ.R. 10(A).").

{¶16}  The case relied upon by Perler, *Group of Tenants from Grandview Homes v. Mar-Len Reality, Inc.*, 40 Ohio App.2d 449, 321 N.E.2d 241 (3d Dist.1974), is inapposite.  In *Group of Tenants*, the court affirmed the dismissal of the plaintiff's complaint where the complaint had listed the plaintiff as "A Group of Tenants From The Grandview Homes, on behalf of themselves and all others similarly situated" and had given only the address of the attorney as the plaintiff's address.  *Id.* at 449.  In affirming the dismissal, the court determined that a plaintiff's identity is essential to the complaint, and that "where an unidentified group is involved, there is no assurance that the individual components of the group may not drift in and out of the

lawsuit with no one ultimately responsible for it, and no one set of facts determinative of it." *Id.* at 450.

{¶17} Unlike *Group of Tenants*, where the plaintiff's identity had been unknown, the record indicates that Perler had known Hartman's identity upon the filing of the initial complaint. Moreover, Perler suffered no prejudice by Hartman's failure to strictly comply with Civ.R. 10(A). Therefore, we overrule Perler's second, third, and fourth assignments of error.

### Hartman's Cross-Appeal

{¶18} In Hartman's sole assignment of error, she argues that the trial court erred by refusing to include Knapp's fees in its entry awarding attorney fees solely because Knapp had filed a notice of a charging lien. We review a trial court's award of attorney fees under an abuse-of-discretion standard. *Bittner v. TriCounty Toyota*, 58 Ohio St.3d 143, 146, 569 N.E.2d 464 (1991).

{¶19} An award of attorney fees is proper "as an element of compensatory damages where the jury finds that punitive damages are warranted." *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, 557, 644 N.E.2d 397 (1994). The jury found that punitive damages were proper against Perler and also found that Hartman should recover attorney fees. Nevertheless, Perler opposed Hartman's application for attorney fees, arguing that Knapp's fees should not be recovered by Hartman because Knapp had filed a charging lien. Perler's argument contravenes the findings of the jury, and unjustly punishes Hartman by preventing her from recovering reasonable attorney fees for Knapp's services solely because Knapp had chosen to file a notice of charging lien before Hartman had even filed her attorney-fee application. We can discern no sound reasoning process that supports the trial court's decision.

8

*See AAAA Ents. Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). Therefore, we sustain Hartman's assignment of error.

{¶20} In conclusion, we reverse that portion of the trial court's decision omitting attorney Knapp's fees from the fee award to Hartman, and we remand the issue to the trial court to consider the reasonableness of Knapp's fees. In all other respects, the judgment of the trial court is affirmed.

Judgment affirmed in part, reversed in part, and cause remanded.

**HILDEBRANDT, P.J., CUNNINGHAM** and **FISCHER, JJ.**

Please note:
The court has recorded its own entry on the date of the release of this opinion.