[Cite as *Citizens Action Group v. Granger Twp. Bd. of Trustees*, 2022-Ohio-3280.]

STATE OF OHIO        )

                        )ss:

COUNTY OF MEDINA    )

|  |  |
|---|---|
| CITIZENS ACTION GROUP | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| | |
| Appellant | C.A. No.      21CA0087-M |
| | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| | |
| GRANGER TOWNSHIP BOARD OF<br>TRUSTEES, et al. | COURT OF COMMON PLEAS<br>COUNTY OF MEDINA, OHIO<br>CASE No.    21CIV0425 |
| | |
| Appellees | |

DECISION AND JOURNAL ENTRY

Dated: September 19, 2022

---

CALLAHAN, Judge.

**{¶1}** Appellant, Citizens Action Group, appeals an order of the Medina County Court of Common Pleas that dismissed its administrative appeal for lack of standing. This Court affirms.

I.

**{¶2}** Citizens Action Group filed an appeal pursuant to R.C. Chapter 2506 challenging a decision of the Granger Township Board of Trustees ("the Township") that granted an application for the development of a "Planned Development District" by Menard, Inc. ("Menard"). The Township and Menard moved to dismiss the appeal, arguing that Citizens Action Group did not have standing. In support of its brief in opposition to the motion to dismiss, Citizens Action Group provided an affidavit of one of its members, who explained that the organization "was founded in response and in opposition to the proposal to construct a Menards on Medina Line Road." The affidavit noted that members of the organization opposed the development during proceedings before the zoning commission and board of trustees. It also explained that Citizens

Action Group "consists of approximately one hundred (100) members consisting of both residents of Granger Township and other nearby communities[]" and noted that "[i]t is my belief, as well as that of [Citizens Action Group], that the increases in traffic, stormwater runoff, light pollution, noise pollution, and related issues portended by the development will negatively impact my property value as well as the health and welfare of myself and my family."

{¶3}  On November 24, 2021, the trial court granted the motions to dismiss.  In doing so, the trial court concluded that Citizens Action Group, as a nonprofit organization, did not have standing to initiate an appeal under R.C. Chapter 2506 on behalf of its members in a representative capacity.  Citizens Action Group filed this appeal, raising a single assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN FINDING THAT CITIZENS ACTION GROUP
LACKS STANDING.

{¶4}  Citizens Action Group's assignment of error argues that the trial court erred by concluding that it did not have standing to bring claims on behalf of its members on the basis of associational standing.  This Court does not agree.

{¶5}  A person seeking relief must establish standing before an Ohio court considers the merits of a legal claim.  *Clifton v. Blanchester*, 131 Ohio St.3d 287, 2012-Ohio-780, ¶ 15, quoting *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 469 (1999).  At a fundamental level, standing refers to the right of a party to "'make a legal claim or seek judicial enforcement of a duty or right.'"  *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, ¶ 27, quoting *Black's Law Dictionary* 1442 (8th Ed.2004).  As the Supreme Court of Ohio has recognized,

"Where the party does not rely on any specific statute authorizing invocation of the judicial process, the question of standing depends upon whether the party has alleged such a 'personal stake in the outcome of the controversy,' *Baker v. Carr*, [369 U.S. 186, 204 (1962)] * * * as to ensure that 'the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution.' *Flast v. Cohen*, [392 U.S. 83, 101 (1968)]."

(Alterations in original.) *State ex rel. Dallman v. Court of Common Pleas, Franklin Cty.*, 35 Ohio St.2d 176, 178-179 (1973), quoting *Sierra Club v. Morton*, 405 U.S. 727, 732 (1972). When determining questions of standing, courts should consider the substantive issues "'to determine whether there is logical nexus between the status asserted and the claim sought to be adjudicated * * * to assure that [the litigant] is a proper and appropriate party to invoke' legal proceedings." (Alterations in original.) *Clifton* at ¶ 18, quoting *Flast* at 102.

{¶6} This Court reviews determinations of standing de novo. *See Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, ¶ 20. In the context of an administrative appeal, however, we do not do so with reference to the standards applicable to Civ.R. 12(B)(6). *See generally Homeless Charity v. Akron Bd. of Zoning Appeals*, 9th Dist. Summit No. 30075, 2022-Ohio-1578, ¶ 21 (explaining that because courts of common pleas act in an appellate capacity in R.C. Chapter 2506 appeals, Civ.R. 12(B)(6) is inapplicable).

{¶7} Under R.C. 2506.01(A), "every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located * * *." Although the terms of R.C. 2506.01(A) do not address the parties to an administrative appeal, the Supreme Court of Ohio has concluded that standing extends to "person[s] directly affected by the decision" of an administrative body. *See Schomaeker v. First Natl. Bank of Ottawa*, 66 Ohio St.2d 304, 312

(1981). This includes not only parties to the administrative action, but those whose rights are affected by the decision and who actively opposed it before the administrative agency. *See id*. at 311-312. *See also Midwest Fireworks Mfg. Co., Inc. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 178 (2001); *Jones v. Chagrin Falls*, 77 Ohio St.3d 456, 461 (1997). This standard recognizes the distinction between a "private litigant [who] has standing to complain of harm which is unique to himself[]" and "a private property owner across town" who opposes an administrative action "because of its effect on the character of the city as a whole * * * [and] lack[s] standing because his injury does not differ from that suffered by the community at large." *Willoughby Hills v. C.C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24, 27 (1992), citing *Schomaeker* at 310, 312.

{¶8} Applying this standard, the Tenth District Court of Appeals has concluded that an organization does not have standing to initiate a Chapter 2506 appeal on a representational basis:

> The right to appeal is conferred only upon the person so affected. There is no provision by statute, or otherwise, whereby another may file the appeal in a representative capacity on behalf of the person who is affected. In [*Schomaeker*], the Supreme Court indicated that the class of persons entitled to appeal under R.C. Chapter 2506 consists of those persons directly affected by the administrative decision. *See*, *also*, *Roper v. Bd. of Zoning Appeals*, [173 Ohio St. 168 (1962)]. During the course of the opinion in *Schomaeker*, Justice Clifford F. Brown stated succinctly at 311-312: "In order to bring an R.C. Chapter 2506 direct appeal of an administrative order, plaintiff must be a person directly affected by the decision of the planning commission."
>
> Appellants have cited, and we know of, no authority indicating that a person not entitled to appeal may nevertheless appeal in a representative capacity on behalf of a person who is entitled to appeal, even though the person attempting to appeal is an association formed for the purpose of protecting its members and the person entitled to appeal is a member of such association.

*N. Woods Civic Assn. v. City of Columbus Graphics Comm.*, 31 Ohio App.3d 46, 47 (10th Dist.1986). *See also Noe Bixby Rd. Neighbors v. Columbus City Council*, 150 Ohio App.3d 305, 2002-Ohio-6453 (10th Dist.) (reaffirming the conclusion reached in *N. Woods Civic Assn.*).

{¶9} Other district courts of appeals have followed the reasoning of the Tenth District as well. *See Safest Neighborhood Assn. v. Athens Bd. of Zoning Appeals*, 4th Dist. Athens Nos. 12CA32, 12CA33, 12CA34, 12CA35, 2013-Ohio-5610, ¶ 29 fn. 2; *Brady Area Residents Assn. v. Franklin Twp. Zoning Bd. of Appeals*, 11th Dist. Portage No. 92-P-0034, 1992 WL 366890, *3 (Dec. 11, 1992); *Women of the Old W. End, Inc. v. Toledo*, 6th Dist. Lucas No. L-97-1204, 1998 WL 334188, *4 (June 5, 1998); *Bd. of Trustees of Symmes Twp. v. Schmalz*, 1st Dist. Hamilton No. C-880434, 1989 WL 97456, *2 (Aug. 23, 1989). *But see Concerned Citizens of Spring Valley v. Spring Valley Twp. Bd. of Zoning Appeals*, 2d Dist. Greene No. 01 CA 0059, 2002 WL 191575, *9 (Feb. 8, 2002) (noting "reservations" about the *N. Woods Civic Assn.* analysis, but determining the merits of the appeal on a different basis). Although this Court has not squarely addressed the issue in the past, we agree with the reasoning set forth in these cases.[1]

{¶10} Citizens Action Group suggests that this Court should reject the position taken in *N. Woods Civic Assn.* and the cases cited above, however, based on the Supreme Court of Ohio's decision in *State ex rel. Teamsters Local Union No. 436 v. Cuyahoga Cty. Bd. of Commrs.*, 132 Ohio St.3d 47, 2012-Ohio-1861. In that case, a union and one of its bargaining unit members initiated a taxpayer action against the Cuyahoga County Board of Commissioners that sought

---

[1] In *Robin's Trace Homeowners' Assn. v. Green Planning & Zoning Comm.*, 9th Dist. Summit No. 24872, 2010-Ohio-1168, this Court concluded that although a homeowners' association was a contiguous landowner, it had not asserted its rights at the administrative level. *Id*. at ¶ 9. We then addressed the association's alternative argument that it could assert standing on a representative basis, concluding—without discussing the legal viability of that argument— that the association's position was not supported by the record. *Id*. at ¶ 10-11.

injunctive and declaratory relief as well as a writ of mandamus on behalf of its bargaining unit members. *Id*. at ¶ 6. The subject matter involved in the suit was an early retirement incentive plan that had been adopted by the Commissioners, but which excluded from eligibility any employees of the County's Sanitary Engineering Division. *Id*. at ¶ 4-5. Some, but not all, employees in that division were members of the bargaining unit. *See id*. at ¶ 4. Several non-bargaining unit employees had challenged the Commissioners' action by "fil[ing] a grievance on behalf of all Sanitary Engineering Division employees[,]" but no member of the bargaining unit did so. *Id.*

{¶11} With respect to the request for declaratory judgment, the union maintained that the Commissioners violated R.C. 145.297, which defines the term "employing unit" for purposes of retirement incentive plans. *See State ex rel. Teamsters Local Union No. 436* at ¶ 6. The trial court granted relief on that basis, and the Eighth District Court of Appeals affirmed. *Id*. at ¶ 8. The Supreme Court of Ohio reversed, concluding that the early retirement incentive plan included a grievance procedure that was available to all employees. *Id*. at ¶ 20-21. The Supreme Court noted that the grievance filed under this procedure was filed by nonunion employees on behalf of all employees, but that none filed an administrative appeal from the grievance decision. *Id*. at ¶ 22. Because some union employees participated in the grievance hearing, the Supreme Court concluded that the union could have pursued an administrative appeal from the grievance decision. *Id*. at ¶ 23. For this reason, the Supreme Court concluded that the union failed to exhaust its administrative remedies and could not obtain a declaratory judgment. *Id*. at ¶ 23-24.

{¶12} Citizens Action Group has advanced a purely legal argument in this appeal, arguing that an organization can assert associational standing on behalf of its membership in initiating an

R.C. Chapter 2506 appeal.[2]  According to Citizens Action Group, the conclusion reached by the Supreme Court in *State ex rel. Teamsters Local Union No. 436* stands for the proposition that any organization has standing to bring an appeal under R.C. Chapter 2506 on a representational basis. Citizens Action Group argues, on that basis, that the conclusion reached in *N. Woods Civic Assn.* and the cases that followed has been rejected by the Ohio Supreme Court.  This Court cannot agree with that proposition.  Even assuming for purposes of argument that the principles applicable to associational standing to sue apply with equal force with respect to standing to appeal, public employee unions—such as the one addressed in *State ex rel. Teamsters Local Union No. 436*—are fundamentally different from other representative organizations because they are, by statute, the exclusive representatives of bargaining unit employees for purposes of matters that are the subject of collective bargaining.  *See* R.C. 4117.08(A).

{¶13}  Accordingly, this Court concludes that the trial court did not err by dismissing Citizens Action Group's complaint for lack of standing.  Citizens Action Group's assignment of error is overruled.

III.

{¶14}  Citizens Action Group's assignment of error is overruled.  The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

---

[2] Citizens Action Group has not argued, in the alternative, that facts in the record demonstrated that it had standing in its own right.  Consequently, this Court need not consider whether or not the scope of the record in the administrative appeal was sufficient to demonstrate standing on another basis.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

ANDREW KARAS, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.

MAJEED G. MAKHLOUF and ELIZABETH WELLS ROTHENBERG, Attorneys at Law, for Appellee.