[Cite as *Neuendorff v. Gibbons*, 2018-Ohio-2980.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

David J. Neuendorff

Appellant

v.

Tom Gibbons, et al.

Appellees

Court of Appeals No. L-17-1238

Trial Court No. CI0201701495

**DECISION AND JUDGMENT**

Decided:  July 27, 2018

* * * * *

David J. Neuendorff, pro se.

Dale R. Emch, Law Director, and Merritt W. Green III,
Senior Attorney, for appellees.

* * * * *

**JENSEN, J.**

## I.  Introduction

{¶ 1} Appellant, David J. Neuendorff, appeals the judgment of the Lucas County

Court of Common Pleas, concluding that he lacks standing to pursue his administrative

appeal and dismissing his complaint upon the grant of summary judgment to appellees.

## A. Facts and Procedural Background

{¶ 2} Appellant lives at 2228 Scottwood Avenue in Toledo, Ohio. He claims to have been recognized as an advocate and spokesman for residents of the central city since 1978, representing multiple neighborhood organizations on zoning and planning issues before the Plan Commission and the Toledo City Council. Appellees consist of all members of the city council, as well as the city's law director and director of the Plan Commission.

{¶ 3} Appellant was unhappy when the city council approved a special use permit allowing A Renewed Mind to open a non-residential drug and alcohol rehabilitation facility at 1822-1832 Adams Street in downtown Toledo. Appellant argued that "legal authority does not exist * * * granting city council 'temporary discretion' in the enforcement and application of TMC 1104.1001." Specifically, he argues that council lacked the authority to create a variance to allow A Renewed Mind to be built within "500 feet from a site with any other Group Living facility, Type A Family Day Care Home, and Nonresidential Drug and Alcohol Center that is also subject to this spacing requirement." Appellant claims to have sent a certified letter to the law director requesting an injunction to enforce provisions of the Toledo Municipal Code. The request was denied. After failing in his attempts to stop the city council from granting a special use permit to A Renewed Mind, appellant filed an administrative appeal with the trial court under R.C. 2506.01 et seq.

2.

**{¶ 4}** Eventually, appellant filed a motion for summary judgment and a writ of mandamus to prohibit city council from issuing further special use permits. In opposition to appellant's filings, appellees argued that the court lacked subject-matter jurisdiction over the claim, and that they had filed sufficient documentation and produced sufficient testimony for the permit to be approved.

**{¶ 5}** On September 6, 2017, the trial court issued its decision dismissing appellant's pro se suit for lack of standing. In its decision, the court found that it did have jurisdiction to hear the claim under R.C. Chapter 2506, but concluded sua sponte that appellant lacked standing to appeal the decision. The court reasoned that appellant lacked standing as a taxpayer and that appellant "was not a party to the proceedings before the commission, adversely and directly affected by the administrative ruling." Appellant's timely appeal followed.

### B. Assignments of Error

**{¶ 6}** On appeal, appellant presents the following assignments of error for our review:

> Assignment of error No. 1: The trial court erred by Appellant Standing being Unrecognized; improperly indicating that the Appellant had failed to provide information and perform requirements under Ohio R.C. 2506.01 et seq., or lacked demonstrated taxpayer standing meeting requirements for relief as a tax payer per Ohio R.C. 733.56, et seq.

3.

Assignment of error No. 2: The trial court erred by denying the appellant access to requested Appellees' "COURT ORDERED" Administrative Records per R.C. 2506.07 A(2)(d): A(2)(e): A(2)(5) an uncompleted June 19, 2017, Trial Court "IT IS ORDERED" directive; ignored by the Appellees'.

Assignment of error No. 3: The Lucas County Trial Court "Opinion and Judgement Entry" of (9/6/2017) erred in repeating Appellee claims unsupported by the trial record. The complete administrative record was not provided per R.C. 2506.02 Notice of Appeal –filing transcript.

Assignment of error No. 4: The trial court erred by not recognizing the Appellant Security Deposit to the Court Of Common Pleas as sufficient.

Assignment of error No. 5: The trial court erred by not recognizing Appellant's allegations were well founded and / or sufficient in law for Summary Judgement after numerous citations provided from the Toledo Municipal Code.

## II. Analysis

{¶ 7} In his first assignment of error, appellant argues that the trial court erred in concluding that he lacked standing to pursue his claim. Standing is a constitutional issue and is defined as a "party's right to make a legal claim or seek judicial enforcement of a duty or right." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27. "A party has standing to invoke the jurisdiction of the

4.

court if he has, in an individual or representative capacity, some real interest in the subject matter of the action." *Youngstown Edn. Assn. v. Kimble*, 2016-Ohio-1481, 63 N.E.3d 649, ¶ 12 (7th Dist.).

### 1. Individual capacity

{¶ 8} Concerning standing in his individual capacity, appellant claims to have suffered a harm that differs from the community at large. Standing is not limited only to the owner of a property that applies for a variance. "Adjacent or contiguous property owners who oppose and participate in the administrative proceedings concerning the issuance of a variance are equally entitled to seek appellate review under R.C. 2506.01." *Willoughby Hills v. C.C. Bar's Sahara*, 64 Ohio St.3d 24, 26, 591 N.E.2d 1203 (1992), citing *Roper v. Bd. of Zoning Appeals*, 173 Ohio St. 168, 180 N.E.2d 591 (1962).

> The private litigant has standing to complain of harm which is unique to himself. In contrast, a private property owner across town, who seeks reversal of the granting of a variance because of its effect on the character of the city as a whole, would lack standing because his injury does not differ from that suffered by the community at large. *Id.*

"To have standing each appellee * * * needed to have actively participated in the relevant hearing and demonstrated that he or she has been directly affected by the administration's decision." *Safest Neighborhood Assn. v. Athens Bd. of Zoning Appeals*, 2013-Ohio-5610, 5 N.E.3d 694, ¶ 29 (4th Dist.).

5.

{¶ 9} There is no dispute that appellant participated in the city council hearings. The dispute concerns whether appellant can show he has been directly affected by city council's decision. Appellant has not shown that he has been directly affected by the special use permit in a way that differs from the community as a whole. Appellant is not an adjacent or contiguous property owner. He actually lives over one-half of a mile from the proposed development. Therefore, we conclude that the court did not err in finding that appellant's claim was that of a "concerned citizen," and not a person suffering "unique harm."

### 2. Standing as a concerned citizen

{¶ 10} When the "city director of law fails, upon the written request of any taxpayer of the municipal corporation, to make any application provided for in sections 733.56 to 733.58 of the Revised Code, the taxpayer may institute suit in his own name, on behalf of the municipal corporation." R.C. 733.59. For a taxpayer to have standing, his "aim must be to enforce a public right, regardless of any personal or private motive or advantage." *State ex rel. Caspar v. Dayton*, 53 Ohio St.3d 16, 20, 558 N.E.2d 49 (1990). The issues to be litigated must be "of great importance and interest to the public [in order to] be resolved in a form of action that involves no rights or obligations peculiar to named parties." *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 471, 715 N.E.2d 1062 (1999). "[T]axpayers cannot contest official acts 'merely upon the ground that they are unauthorized and invalid.'" *State ex rel. Teamsters Local Union No.*

6.

*436 v. Bd. of County Commrs.*, 132 Ohio St.3d 47, 2012-Ohio-1861, 969 N.E.2d 224, ¶ 16, quoting *Pierce v. Hagans*, 79 Ohio St. 9, 22, 86 N.E. 519, 522 (1908).

{¶ 11} Here, appellant's concerned citizen standing argument is based upon his assertion that the city council's grant of the special use permit to A Renewed Mind was unauthorized and invalid under the Toledo Municipal Code. As noted above, such claims are insufficient to warrant the grant of taxpayer standing. We agree with the trial court that appellant's complaint "articulates no public right and no public benefit." Therefore, appellant does not possess standing to pursue his claim as a concerned citizen.

{¶ 12} Accordingly, appellant's first assignment of error is not well-taken. Having concluded that appellant lacks standing in his individual or representative capacity, appellant's action was properly dismissed by the trial court, and his remaining assignments of error are moot.

### III. Conclusion

In light of the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                        _____
                                                             JUDGE

James D. Jensen, J.

Christine E. Mayle, P.J.                  _____
CONCUR.                                                       JUDGE

                                                    _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.