[Cite as *Women of the Old W. End, Inc. v. Toledo City Council*, 2021-Ohio-3267.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Women of the Old West End, Inc.

    Appellant

v.

Toledo City Council, et al.

    Appellees

Court of Appeals No. L-20-1181

Trial Court No. CI0202002106

**<u>DECISION AND JUDGMENT</u>**

Decided: September 17, 2021

* * * * *

Terry J. Lodge, for appellant.

Dale R. Emch, Director of Law, Jeffrey B. Charles, Chief
of Litigation, and Karlene D. Henderson, Senior Attorney,
for appellees

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is an appeal from a judgment of the Lucas County Common Pleas

Court dismissing the R.C. 2506 appeal filed by appellant, the Women of the Old West

End, Inc., also known in the record as WOWE. For the reasons set forth below, this court affirms, in part, and reverses, in part, the judgment of the lower court.

{¶ 2} Appellant sets forth two assignments of error:

> I. WOWE was improperly denied a quasi-judicial hearing before the Toledo City Council Zoning and Planning Committee, which was obligated to give notice and an opportunity for hearing to appellant.

> II. The Common Pleas Court incorrectly and unlawfully held that the Commissioner's opinion on standing is an administrative procedure requiring exhaustion.

## I. Background

{¶ 3} The following facts are relevant to this appeal. On January 21, 2020, appellant concurrently filed written notices of appeal with appellees Toledo City Council and Toledo City Plan Commission pursuant to Toledo Municipal Code 1111.0811(A) to oppose on substantive and procedural grounds the approved Warren Commons major site plan review application SPR-55-19. On January 9, 2020, appellee Toledo City Plan Commission approved the Warren Commons major site plan review application by the developer, TASC of Northwest Ohio, Inc. Warren Commons is a new 46-unit apartment building in the city of Toledo to address homelessness, and which appellant described as "permanent supportive housing for people coming out of the criminal justice system."

2.

{¶ 4} Appellant refers to itself in the record in various ways: as a "nonprofit corporation," as a "nonprofit association," and as an "unincorporated association." Appellant, however, consistently claims to represent its members as "an organization dedicated to preserving the integrity of the Old West End neighborhood and environs." Toledo Municipal Code 1111.0811(A) authorizes "[a]ny person aggrieved by a final decision on a site plan application may make an appeal." Appellant claimed to be an "aggrieved person" because some of its members "live, work or otherwise conduct business within a few hundred feet of the location of the proposed Warren Commons project," adding, "[w]e will provide full information in support of standing at the appeal hearing."

{¶ 5} The major site plan review appeal hearing did not occur. Prior to granting an appeal hearing, appellee Toledo City Plan Commission required appellant to first establish standing as an "aggrieved person." In response, appellant submitted two affidavits from WOWE members while also concurrently objecting that appellee's requirement was an extra burden on appellant not found in the Toledo Municipal Code, city of Toledo ordinances, or state statutes. On April 6, 2020, pursuant to Toledo Municipal Code 1111.1900, appellee Toledo City Plan Commission denied appellant a major site plan review appeal hearing after determining appellant is "not a 'person aggrieved' [and] has not demonstrated unique harm and, therefore, does not have standing to appeal the above referenced site plan review decision of the Plan

3.

Commission." Appellee's determination relied on an advisory interpretation provided by the city of Toledo's Department of Economic Development, Division of Building Inspection, which, in turn, relied on this court's decision in *Neuendorff v. Gibbons*, 6th Dist. Lucas No. L-17-1238, 2018-Ohio-2980.

{¶ 6} Then on May 6, 2020, appellant filed a notice of appeal in the Lucas County Common Pleas Court pursuant to R.C. 2505 and 2506 seeking a remand to appellee Toledo City Council to address the merits of appellant's Warren Commons major site plan review appeal. That case was assigned case No. CI2020-2106.

{¶ 7} Concurrently, appellant filed a complaint, as amended, for declaratory judgment pursuant to R.C. 2721.04 against the city of Toledo in the Lucas County Common Pleas Court requesting an interpretation of the legal meaning and effect of Toledo Municipal Code 1111.0811. That case was assigned case No. CI2020-2107. Appellant voluntarily dismissed that cause of action without prejudice on March 1, 2021.

{¶ 8} On May 29, 2020, appellees filed a motion to dismiss case No. CI2020-2106 pursuant to Civ.R. 12(B)(1) and (B)(6). Appellees argued the Lucas County Common Pleas Court lacked subject-matter jurisdiction over appellant's R.C. 2506 appeal because there was no final, appealable order. In response, appellant argued appellee's decision that appellant lacked standing was the final order because appellant was denied the right to prosecute the quasi-judicial zoning appeal to appellee Toledo City Council by an erroneous, and unrequested, interpretation of the zoning code.

4.

{¶ 9} On September 21, 2020, the Lucas County Common Pleas Court granted appellees' motion to dismiss for appellant's failure to exhaust all administrative remedies before the zoning board of appeals. The lower court found that sections 1111.1901, 1111.1902, 1111.1906, and 1111.2001 of the Toledo Municipal Code were clear and unambiguous in identifying the administrative remedies appellant was required to follow prior to filing its R.C. 2506 administrative appeal in common pleas court. The lower court concluded that appellant's failure to obtain a final, appealable order from those mandatory administrative remedies not only deprived the common pleas court of subject-matter jurisdiction on appeal, but also failed to state a claim upon which relief could be granted.

{¶ 10} This appeal ensued.

## II. Standard of Review

{¶ 11} "The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989). We review the lower court's Civ.R. 12(B)(1) decision on the lack of subject-matter jurisdiction de novo. *Mt. Pilgrim Baptist Church, Inc. v. Bishop*, 2015-Ohio-5161, 56 N.E.3d 245, ¶ 34 (6th Dist).

{¶ 12} In addition, we review de novo the lower court's decision granting a motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which

5.

relief can be granted by accepting as true all factual allegations in the complaint. *Alford v. Collins-McGregor Operating Co.*, 152 Ohio St.3d 303, 2018-Ohio-8, 95 N.E.3d 382, ¶ 10. "'[T]hose allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor.' To grant the motion, 'it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought.'" (Citations omitted.) *Id.*

{¶ 13} We also review de novo appellant's assertion of standing in this matter as a question of law. *Image Group of Toledo, Inc. v. Holland-Springfield Twp. Joint Economic Dev. Zone*, 6th Dist. No. L-16-1058, 2017-Ohio-4470, 93 N.E.3d 343, ¶ 9.

### III. Motion to Dismiss

{¶ 14} We will address the assignments of error out of order.

### A. R.C. 2506 Standing

{¶ 15} In its second assignment of error, appellant argues the lower court erred when it dismissed the R.C. 2506 appeal for lack of subject-matter jurisdiction. In response, appellees argue Toledo Municipal Code 1111.2001 controls, which authorizes the board of zoning appeals to hear and decide appeals that claim error "in any order, requirement, decision or determination * * * in the administration or enforcement of the provisions of the Zoning Code." Appellees argue appellant deprived the lower court with subject-matter jurisdiction when it failed to appeal to the board of zoning appeals.

{¶ 16} We find neither argument is persuasive. This is not a case of first impression. This court has previously held that appellant, as a nonprofit corporation or unincorporated association, does not have standing to bring an administrative appeal under R.C. 2506 on behalf of its members who have standing to sue individually. *Women of Old W. End, Inc. v. Toledo*, 6th Dist. Lucas No. L-97-1204, 1998 WL 334188, *4 (June 5, 1998), citing *Northern Woods Civic Ass'n v. City of Columbus Graphics Com'n*, 31 Ohio App.3d 46, 508 N.E.2d 676 (10th Dist.1986), syllabus. In that case, there were two distinct plaintiffs-appellants: WOWE, alleging standing through its members' properties to appeal the grant of a special use permit to a group home, and David Neuendorff, alleging standing through his own property. Mr. Neuendorff was not identified in our decision as a WOWE member, and we cannot now assume he was.

{¶ 17} In our prior opinion Mr. Neuendorff was identified as a "property owner who appeared either in person or in writing during the administrative process and whose rights as a property owner were affected by the passage of Ordinance No. 753-95." We determined the foregoing facts supported our finding that Mr. Neuendorff had individual R.C. 2506 standing and that, although appellant had standing as a nonprofit corporation or unincorporated association to file an action for declaratory judgment or injunctive relief on behalf of its members in the voluntary association who have standing to sue individually, there was nothing in R.C. 2506 to suggest that an administrative appeal may be brought by appellant on behalf of its members. *Id.*

7.

{¶ 18} In contrast, Mr. Neuendorff is not a party in this matter, did not submit an affidavit he is a WOWE member, and, in a reversal of roles, is identified by appellant as somehow representing it. Appellant asserts in the record that, "On December 6, 2019, Mr. Neuendorff, *on behalf of WOWE*, requested in an email to Ryne Sunvold of the Plan Commission staff that WOWE *and other neighborhood organizations* be notified of the required neighborhood meeting and that it be held within the neighborhood of the proposed Warren Commons." (Emphasis added.) Appellee's failure to receive said notice is part of the list of appellant's procedural grievances in its administrative appeal.

{¶ 19} "The right to appeal an administrative decision is neither inherent nor inalienable; to the contrary, it must be conferred by statute." *Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 177, 743 N.E.2d 894, 897 (2001), citing *Roper v. Bd. of Zoning Appeals, Richfield Tp., Summit Cty.*, 173 Ohio St. 168, 173, 180 N.E.2d 591 (1962). We look to the language of R.C. 2506.01, which states:

> (A) Except as otherwise provided in [R.C. 2506.05 to 2506.08], and except as modified by this section and [R.C. 2506.02 to 2506.04], every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of

the county in which the principal office of the political subdivision is located as provided in Chapter 2505 of the Revised Code.

(B) The appeal provided in this section is in addition to any other remedy of appeal provided by law.

(C) As used in this chapter, "final order, adjudication, or decision" means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding.

{¶ 20} This court recognizes that R.C. 2506.01 "'does not address the question of *who* has standing to bring such an appeal.'" (Emphasis sic.) *Myers v. Clinebell*, 6th Dist. Sandusky No. S-98-048, 1999 WL 300620, *5 (May 14, 1999), quoting *Willoughby Hills v. C. C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24, 26, 591 N.E.2d 1203 (1992). We construe the plain, clear and unambiguous language of R.C. 2506.01 its usual and customary meanings. *Medcorp, Inc. v. Ohio Dept. of Job & Family Servs.*, 121 Ohio St.3d 622, 2009-Ohio-2058, 906 N.E.2d 1125, ¶ 9. "'[I]t is the duty of the court to give effect to the words used, not to delete words used or insert words not used.'" *Westgate Shopping Village v. Toledo*, 93 Ohio App.3d 507, 517-18, 639 N.E.2d 126 (6th Dist.1994), quoting

*Cline v. Ohio Bur. of Motor Vehicles*, 61 Ohio St.3d 93, 97, 573 N.E.2d 77 (1991). We decline to add to R.C. 2506 an explicit or implicit authorization for appellant to have standing to appeal appellee's major site plan appeal decision. *See Kasper v. Coury*, 51 Ohio St.3d 185, 188, 555 N.E.2d 310 (1990).

{¶ 21} Separately, it is fundamental that, "'Appeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant.'" *Willoughby Hills* at 26, quoting *Ohio Contract Carriers Ass'n v. Pub. Utilities Commission*, 140 Ohio St. 160, 42 N.E.2d 758 (1942), syllabus. The party seeking an R.C. 2506 appeal has the burden of establishing its standing from the record. *Alexis Entertainment, L.L.C. v. Toledo*, 6th Dist. Lucas No. L-13-1028, 2013-Ohio-3946, ¶ 9, citing *Kraus v. Put-In-Bay Tp. Bd. of Zoning & Appeals*, 6th Dist. Ottawa No. OT-04-011, 2004-Ohio-4678, ¶ 12.

{¶ 22} Three factors in this appeal compel us to conclude, again, appellant lacks standing to appeal under R.C. 2506 on behalf of its members who have standing to sue individually.

{¶ 23} First, the record before us shows appellant voluntarily dismissed its action for declaratory judgment against the city of Toledo, and, consequently, appellant no longer has standing to represent its members who have standing to sue individually through that avenue. *Women of Old W. End,* 6th Dist. Lucas No. L-97-1204, 1998 WL

10.

334188, at \*4. We are aware of some courts stretching their standing analysis to equate an R.C. 2506 appeal with an R.C. 2721 action for declaratory judgment, thus facilitating the conclusion of finding third-party representative standing under R.C. 2506. *See Concerned Citizens of Spring Valley v. Spring Valley Tp. Bd. of Zoning Appeals*, 2d Dist. Greene No. 01 CA 0059., 2002 WL 191575, \*9 (Feb. 8, 2002) ("The action authorized by R.C. 2506.01 is in the nature of an action for declaratory judgment."); *see also Gowdy v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 8th Dist. Cuyahoga No. 95956, 2011-Ohio-2156, ¶ 15. We decline to do the same. The remedies available under R.C. 2506 and 2721 may appear to be similar, but they are distinctly separate and operate differently. *Karches v. City of Cincinnati*, 38 Ohio St.3d 12, 15-16, 526 N.E.2d 1350 (1988); *Driscoll v. Austintown Assoc.*, 42 Ohio St.2d 263, 270, 328 N.E.2d 395 (1975).

{¶ 24} Second, appellant's status as a nonprofit corporation or unincorporated association representing its members to preserve the integrity of Toledo's Old West End neighborhood has not changed since our previous determination on its representative standing. We find our decision regarding appellant's lack of standing in a representative capacity under R.C. 2506 has been cited with approval by other Ohio appellate jurisdictions. *Noe Bixby Rd. Neighbors v. Columbus City Council*, 150 Ohio App.3d 305, 2002-Ohio-6453, 780 N.E.2d 1046, ¶ 4 (10th Dist.); *Safest Neighborhood Assn. v. Athens Bd. of Zoning Appeals*, 4th Dist. No. 12CA32, 2013-Ohio-5610, 5 N.E.3d 694, ¶ 29, fn. 2.

11.

{¶ 25} Third, the record lacks information if both appellant and its members own property in Toledo, are Toledo residents or are Toledo electors who actively participated in the administrative process. *Roper*, 173 Ohio St. at 168-69, 180 N.E.2d 591, syllabus. Under *Roper*, the three factors we review are whether the person seeking standing: "(1) was a resident, elector, and property owner of the township, (2) appeared before a township board of zoning appeals with an attorney to protest a zoning change, and (3) stated his intention on the record to appeal the board's decision to the common pleas court." *Midwest Fireworks,* 91 Ohio St.3d at 178, 743 N.E.2d 894, citing *Roper* at syllabus and *Schomaeker v. First Nat. Bank of Ottawa*, 66 Ohio St.2d 304, 421 N.E.2d 530 (1981), paragraph two of the syllabus; *Alexis Entertainment*, 6th Dist. Lucas No. L-13-1028, 2013-Ohio-3946, at ¶ 11.

{¶ 26} Appellant cannot meet the first *Roper* factor, though it can establish from the record the second and third factors. However, the procedural defects appellant raises regarding the Warren Commons major site plan review approval, such as violation of public meeting requirements, citizen participation opportunities, and sign posting requirements, "are concerns shared equally by the public at large and, therefore, are not adequate grounds upon which to confer standing to bring an appeal pursuant to R.C. 2506.01." *Westgate Shopping Village v. Toledo*, 93 Ohio App.3d 507, 513-14, 639 N.E.2d 126, 130 (6th Dist.1994); *State ex rel. Walgate v. Kasich*, 147 Ohio St.3d 1, 2016-Ohio-1176, 59 N.E.3d 1240, ¶ 26 (an interest shared by the general public does not

12.

establish standing, which requires necessary evidence of a different, direct, personal stake in the outcome of the case).

{¶ 27} Regardless of any concessions in appellee's reply brief in support of its motion to dismiss that appellant was "directly affected" by the decision of the Toledo City Plan Commission denying appellant a major site plan review appeal, our review of the lower court's decision to grant appellee's motion to dismiss requires appellant to point us to where in the record is the necessary supporting evidence that appellant was a "person aggrieved." App.R. 12(A)(2) and 16(A)(3). Filing the appeal alone is insufficient. *Alexis Entertainment* at ¶ 13 ("Filing an appeal establishes only the fact that appellant attempted to assert its rights. Appellant must also identify some legal right or privilege that was affected by the board's decision to have standing to seek an appeal from the decision and appellant did not do so in this case.").

{¶ 28} The record contains affidavits from two of appellant's members who aver they are Toledo property owners. The closest indication of their active participation in the major site plan review process is from one WOWE member who avers he would have attended the developer's public meeting had he received notice of it. Other than attend the meeting we are left to speculate what the affiant would have said or done at the meeting. *Midwest Fireworks* at 177, citing *Ohio Contract Carriers*, 140 Ohio St. at 161, 42 N.E.2d 758. The foregoing does not establish that affiant has standing to appeal in this case pursuant to *Roper*. *Kraus*, 6th Dist. Ottawa No. OT-04-011, 2004-Ohio-4678, at

¶ 15-16 and 18 (applying *Roper* factors and exceptions to the requirement that the party must have actively participated in the hearings and expressed his intent to appeal an unfavorable decision). Unlike appellant, the affiant can meet the first *Roper* factor, but cannot establish from the record the second and third factors.

{¶ 29} "Although standing is required in order to invoke the jurisdiction of the common pleas court over a particular action, lack of standing does not affect the subject-matter jurisdiction of the court." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, paragraph three of the syllabus.

{¶ 30} Our determination regarding appellant's lack of standing is not a determination on the underlying merits of appellant's claims on appeal. We should not be misguided to seek ways to read into the record speculation to now find appellant has standing pursuant to R.C. 2506. The record does not show any individual WOWE members challenged the Warren Commons major site plan review process, except for the two affiants who provided their affidavits "to designate WOWE as my representative before the Toledo City Olan Commission and in Ohio's courts on this issue." Appellant did not submit its own affidavit into the record. We find the record reflects appellant's purpose is to support the old West End neighborhood for its members, not itself. Confusingly, appellee Toledo City Plan Commission generally supported its decision by citing to this court's opinion in *Neuendorff*, 6th Dist. Lucas No. L-17-1238, 2018-Ohio-2980. In that case we determined that Mr. Neuendorff, the same individual from *Women*

14.

*of Old W. End*, 6th Dist. Lucas No. L-97-1204, 1998 WL 334188, did not have standing in an individual capacity, nor in a representative capacity as a concerned citizen, to challenge the Toledo Plan Commission's grant of a special use permit to a non-residential drug and alcohol rehabilitation facility. *Neuendorff* at ¶12. The facts of that case do not address the issue raised in appellant's second assignment of error, and we do not find it controlling in this matter.

{¶ 31} Finding appellant is without standing to appeal pursuant to R.C. 2506, we find no error when the lower court granted appellees' motion to dismiss, even though for different reasons. *Parker v. Swancreek Twp. Bd. of Zoning Appeals*, 6th Dist. Fulton No. F-04-035, 2005-Ohio-538, ¶ 4.

{¶ 32} Appellant's second assignment of error is not well-taken.

### B. Toledo Municipal Code 1111.0811 Standing

{¶ 33} In its first assignment of error, appellant asserts the lower court erred as a matter of law when it granted appellees' motion to dismiss appellant's R.C. 2506 appeal for failure to state a claim upon which relief can be granted. Appellant argues it alleged substantive and procedural reasons for appealing the January 9, 2020 Warren Commons major site plan review approval pursuant to Toledo Municipal Code 1111.0811, including appellees' violating the mandatory procedures in Toledo Municipal Code 1111.0812 to provide appellant with notice and an opportunity to be heard and unilaterally changing the major site plan review appeals procedures to deny appellant's rights to appeal by

15.

determining it lacked standing.  Appellant essentially argues that if the lower court accepted as true all factual allegations in its notice of appeal and construed in its favor all reasonable inferences from them, the lower court should have found it could prove a set of facts entitling it to the relief sought: a hearing before Toledo City Council.

{¶ 34} In response, appellees argue Toledo Municipal Code 1111.1901(A) controls by authorizing appellee Toledo City Plan Commission to determine standing as a prerequisite to granting a major site plan review appeal.  Where appellant lacks standing, appellee argues the lower court properly determined appellant failed to state a claim upon which relief could be granted.

{¶ 35} Although we find appellant lacks standing to file an R.C. 2506 appeal, that decision is not dispositive of appellant's first assignment of error regarding standing under Toledo Municipal Code 1111.0811.  *See Shelly Materials, Inc. v. City of Streetsboro Planning & Zoning Commission*, 158 Ohio St.3d 476, 2019-Ohio-4499, 145 N.E.3d 246 ¶ 25.

{¶ 36} "Standing is a constitutional issue and is defined as a 'party's right to make a legal claim or seek judicial enforcement of a duty or right.'"  *Neuendorff*, 6th Dist. Lucas No. L-17-1238, 2018-Ohio-2980, at ¶ 7, quoting *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27.  A party, in a representative capacity, has standing to invoke the jurisdiction of a court where the party has "some real interest in the subject matter of the action."  *State ex rel. Dallman v. Court*

16.

*of Common Pleas, Franklin Cty.*, 35 Ohio St.2d 176, 179, 298 N.E.2d 515 (1973). We find that appellee Toledo City Plan Commission acted in a quasi-judicial capacity when it exercised discretion to adjudicate that appellant lacked standing in an individual or representative capacity to proceed with its major site plan review appeal. *See Talbut v. Perrysburg*, 72 Ohio App.3d 475, 478-79, 594 N.E.2d 1046 (6th Dist.1991).

{¶ 37} "'Aggrieved means deprived of legal rights or claims.'" (Citation omitted.) *Snodgrass v. Testa*, 145 Ohio St.3d 418, 2015-Ohio-5364, 50 N.E.3d 475, ¶ 27. We find appellant satisfied its prima facie showing of standing as "any person aggrieved" under Toledo Municipal Code 1111.0811 by asserting procedural and substantive legal rights claims. *Id.*

{¶ 38} An association, which appellant sometimes refers to itself, has standing on behalf of its members when: (1) the members have individual standing, and at least one member has suffered actual injury; (2) the interests to be protected are germane to the organization's purpose; and (3) neither the claim nor the relief sought requires the participation of individual members. *State ex rel. Am. Subcontractors Assn., Inc. v. Ohio State Univ.*, 129 Ohio St.3d 111, 2011-Ohio-2881, 950 N.E.2d 535, ¶ 12. We find appellant satisfied these three elements.

{¶ 39} To support the first element of association standing, we find appellant's Toledo Municipal Code 1111.0811 notice of appeal alleged seven substantive and procedural defects with the Warren Commons major site plan approval. For example,

17.

appellant alleged violations of Toledo Municipal Code 1111.0203, 1111.0204(A), 1111.0304(A), 1111.0306(C), and city of Toledo Ordinance 520-15. Appellant alleged some of its members were injured by the Warren Commons major site plan review approval and further alleged a major site plan review appeal hearing in front of appellee Toledo City Council could provide it relief from those injuries.

{¶ 40} Appellant supplemented its notice of appeal with affidavits from two represented members, both of whom designated appellant as their representative before the Toledo Plan Commission and Ohio's courts. One WOWE member, who lived 134 feet from the Warren Commons project site, averred she never received notice about any public hearings on the project. That WOWE member opposed the proposed Warren Commons development for three reasons: the lack of transparency by the city of Toledo regarding the project, the project eliminates one of the few playgrounds in the neighborhood, and the project does not have a special use permit for the planned social services outreach. Another WOWE member, who owned property within 600 feet from the Warren Commons project site, averred he never received notice about any public hearings on the project. He further averred, "I would have attended the developer's public meeting had I known of it." That WOWE member also opposed the proposed Warren Commons development for three similar reasons as the other affiant. We find from the record that these two members of appellant's organization have individual standing and allege they suffered actual injury, e.g., the loss of one of the few

18.

playgrounds in the neighborhood, from the Warren Commons major site plan approval. *Id.*

{¶ 41} To support the second element of association standing, we find from the record appellant's stated purpose is to "[preserve] the integrity of the Old West End neighborhood and environs." We find the record shows real claims by appellant of an immediate and pecuniary interest in appellee's major site plan review decision, which adversely affected appellant's organizational purpose. *Midwest Fireworks*, 91 Ohio St.3d at 177, 743 N.E.2d 894. We further find the interests to be protected by appellant are germane to the organization's purpose. *State ex rel. Am. Subcontractors* at ¶ 12.

{¶ 42} To support the third element of association standing, we find that both affiants authorized and designated appellant to be their representative regarding the Warren Commons major site plan review appeal proceedings. Although the exact number of members in appellant's organization is unknown, we find that for the two WOWE members who made specific designations for appellant's representation, neither their procedural and substantive claims, nor the relief sought before Toledo City Council, requires the participation of those individual members. *Id.*

{¶ 43} The Ohio Supreme Court cautions us "standing is not a technical rule intended to keep aggrieved parties out of court." *Image Group of Toledo*, 2017-Ohio-4470, 93 N.E.3d 343, at ¶ 9, quoting *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-

19.

Ohio-3897, 975 N.E.2d 977, ¶ 47 (standing is a practical concept designed keep courts and parties free from suits brought to vindicate nonjusticiable interests).

{¶ 44} Zoning provisions in dispute are not interpreted in isolation, but rather the provision is read in the context of the entire ordinance. *Cleveland Clinic Found. v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161, ¶ 35. We find the context of the matter before us on appeal originates in Toledo Municipal Code 1111.0801, which states that the purpose of site plan review and approval "is to ensure compliance with the standards of this Zoning Code; minimize land use conflicts; and encourage compatible physical design and arrangement of buildings, off-street parking, lighting, landscaping, drainage, vehicle and pedestrian access, all in a manner that will promote public safety and convenience and will preserve property values." The Warren Commons development was subject to major site plan review because it is a multi-family residential development containing over 40 dwelling units. Toledo Municipal Code 111.0802(B)(3).

{¶ 45} Appellant's major site plan review appeal claimed the Warren Commons major site plan review application failed to comply with the foregoing purposes of a major site plan review. Whether or not appellant is ultimately successful in its major site plan review appeal hearing in front of appellee Toledo City Council, we find appellant made a prima facie showing of standing for the purposes of Toledo Municipal Code

20.

1111.0811(A), and appellant's major site plan review appeal should be held before appellee Toledo City Council pursuant to Toledo Municipal Code 1111.0812.

{¶ 46} The Ohio Supreme Court guides us that, "A court owes no duty of deference to an administrative interpretation unless it finds the ordinance ambiguous." *Id.* at ¶ 29. Despite appellees' reliance on Toledo Municipal Code 1111.1901(A) to support the interpretation by the Toledo City Plan Commission that appellant is not "any person aggrieved," we do not presume the validity of that interpretation. *See Glass City Academy, Inc. v. Toledo*, 179 Ohio App.3d 796, 2008-Ohio-6391, 903 N.E.2d 1236, ¶ 18 (6th Dist.) (due deference given for an administrative agency's resolution of evidentiary conflicts). We do not find the Toledo City Plan Commission has expertise in the non-administrative matter of a legal interpretation on the question of law of standing for a major site plan review appeal.

{¶ 47} Upon de novo review of the record, we accept as true all of the factual allegations in its notice of appeal and, in construing all reasonable inferences from them in appellant's favor, we find that appellant's prima facie showing of standing for the purposes of Toledo Municipal Code 1111.0811(A) entitled it to a major site plan review appeal hearing with appellee Toledo City Council pursuant to Toledo Municipal Code 1111.0812. We reverse the lower court's grant of appellees' motion to dismiss and remand this matter to appellee Toledo City Council for a major site plan review appeal hearing consistent with this decision.

21.

**{¶ 48}** Appellant's first assignment of error is well-taken.

## IV. Conclusion

**{¶ 49}** On consideration whereof, the judgment of the Lucas County Common Pleas Court is affirmed, in part, and reversed, in part. We remand this matter to appellee Toledo City Council to act on appellant's major site plan review notice of appeal submitted pursuant to Toledo Municipal Code 1111.0811.

**{¶ 50}** Appellant and appellees are ordered to equally pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                                         _____
                                                                                        JUDGE
Myron C. Duhart, J.
CONCUR.                                                       _____
                                                                                        JUDGE


Christine E. Mayle, J.                                    _____
DISSENTS IN PART AND                              JUDGE
CONCURS IN PART.

**MAYLE, J.**

{¶ 51} To the extent that the majority finds WOWE's first assignment of error well-taken, I concur, although for different reasons. To the extent that it finds WOWE's second assignment of error not well-taken, I respectfully dissent.

{¶ 52} I disagree with the majority's conclusion that WOWE lacks standing under R.C. Chapter 2506. I would find WOWE's two assignments of error well-taken. And rather than address the merits of the decision of the city's commissioner of building inspection—which concluded that WOWE is not a "person aggrieved" by the plan commission decision—I would find that this matter should be remanded to city council. In my view, the commissioner improperly usurped the authority of city council to consider WOWE's appeal. Should the matter warrant a determination regarding WOWE's "aggrieved person" status, it must be made by city council itself. This court should not rule on an issue that was never before the proper administrative authority (i.e. city council).

## A. Standing under R.C. Chapter 2506

{¶ 53} The majority finds that WOWE lacked standing to appeal under R.C. Chapter 2506. The Ohio Supreme Court has observed that "R.C. Chapter 2506, while providing generally for administrative appeals from administrative determinations by political subdivisions, does not address the question of *who* has standing to bring such an appeal." (Emphasis in original.) *Willoughby Hills v. C. C. Bar's Sahara, Inc.,* 64 Ohio

23.

St.3d 24, 26, 591 N.E.2d 1203 (1992). "Under the common law," however, "it is well settled that the right to appeal can be exercised only by those parties who are able to demonstrate a present interest in the subject matter of the litigation which has been prejudiced by the judgment of the lower court." *Id.,* citing *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.*, 140 Ohio St. 160, 161, 42 N.E.2d 758 (1942). This generally requires that the appellant be "directly affected" by the administrative decision. *Schomaeker v. First Nat. Bank of Ottawa*, 66 Ohio St.2d 304, 311–12, 421 N.E.2d 530 (1981).

{¶ 54} The majority concludes that WOWE lacked standing because under Ohio case law, an association may not bring an administrative appeal on behalf of its members. The majority is correct that generally, under *Northern Woods Civic Ass'n v. City of Columbus Graphics Com'n,* 31 Ohio App.3d 46, 508 N.E.2d 676 (10th Dist.1986), syllabus, and *Women of Old W. End, Inc. v. Toledo*, 6th Dist. Lucas No. L-97-1204, 1998 WL 334188, *4 (June 5, 1998), "representation by a nonprofit corporation or unincorporated association does not extend to the right of appeal afforded by R.C. Chapter 2506 since the right to appeal thereunder is conferred only upon the person directly affected by the administrative decision." *See also Noe Bixby Road Neighbors v. Columbus City Council,* 150 Ohio App.3d 305, 2002-Ohio-6453, 780 N.E.2d 1046, ¶ 10 (10th Dist.); *Brady Area Residents Assn. v. Franklin Twshp. Zoning Bd. of Appeals,* 11th Dist. Portage No. 92-P-0034, 1992 WL 366890, * 4 (Dec. 11, 1992). But I would find

24.

that this rule does not apply here because the administrative decision at issue—the commissioner's decision that WOWE was not a "person aggrieved by a final decision of a site plan application" under Toledo Municipal Code 1111.0811(A)—"directly affected" *WOWE* because it determined *WOWE's* "rights, duties, privileges, benefits, or legal relationships." R.C. 2506.01(C). It did not determine the rights of any of WOWE's members.

{¶ 55} Unlike the commissioner's decision here, the administrative decisions that were appealed in *Northern Woods, Women of Old W. End, Inc.*, *Noe Bixby Road Neighbors*, and *Brady Area Residents Association* directly affected the property rights of the individual property owners whose interests the associations represented. In *Northern Woods,* the association appealed the decision of the city of the Columbus Graphics Commission to grant a variance for the erection of a sign. In *Women of Old W. End, Inc.*, the association appealed city council's decision to pass an ordinance granting a special use permit for an emergency women's shelter. In *Noe Bixby Road Neighbors*, the association appealed the decision of Columbus City Council to grant a use variance for a proposed residential facility. And in *Brady Area Residents Association,* the association appealed the decision of the Franklin Township's Zoning Board granting a number of variances.

{¶ 56} In contrast, the decision on appeal here is not the plan commission's decision approving the major site plan application—it is the commissioner's decision

25.

concluding that WOWE was not a "person aggrieved." WOWE is the party directly affected by the commissioner's decision—not its members.[1] Accordingly, I disagree with the majority that WOWE lacked standing to bring this appeal under R.C. Chapter 2506.

**B. The Majority's Conclusion that WOWE Is a "Person Aggrieved"**

{¶ 57} Curiously, despite its conclusion that WOWE lacked standing under R.C. Chapter 2506—and despite specifically finding that the trial court did not err in granting appellees' motion to dismiss—the majority went on to consider whether WOWE was a "person aggrieved" for purposes of Toledo Municipal Code 1111.0811(A). But if the trial court did not err in granting the city's motion to dismiss, how then can the majority proceed to consider the merits of the commissioner's decision?

{¶ 58} The majority justifies its analysis by characterizing WOWE's first assignment of error as involving standing under Toledo Municipal Code 1111.0811 and its second assignment of error as involving standing under Chapter R.C. 2506. Importantly, I do not agree with the majority's characterization of WOWE's assignments of error. More accurately summarized, WOWE's first assignment of error is a procedural challenge to the plan commission referring its appeal to the commissioner to determine whether WOWE was a "person aggrieved" instead of allowing WOWE's appeal to proceed to city council. Its second assignment of error challenges the trial court's finding

---

[1] The city acknowledged (at page 4 of its reply brief in the trial court) that WOWE was "directly affected" by the commissioner's decision.

that it was required to appeal the commissioner's ruling to the BZA, therefore, it failed to exhaust administrative remedies.

{¶ 59} Addressing WOWE's assignments of error as they are worded, I would find both well-taken because I believe (1) the director of the plan commission improperly referred the issue of WOWE's standing to the city's commissioner of building inspection; and (2) the trial court erred in concluding that WOWE was required to appeal the commissioner's decision to the BZA.

### 1. Referral for a Written Interpretation

{¶ 60} I would find that the director of the plan commission improperly referred the issue of standing under Toledo Municipal Code 1111.0811 to the city's commissioner of building inspection.

{¶ 61} Where, as here, a major site plan review is at issue, the planning director must review the application and within 90 days, recommend that the plan commission either approve the application, identify revisions or modifications that would allow approval of the application, approve the application with conditions, or disapprove the application. Toledo Municipal Code 1111.0807(B)(1). The plan commission must then hold a public hearing and take one of the aforementioned actions. Toledo Municipal Code 111.0807(B)(2). The plan commission's decision on a major site plan review may be appealed to city council by filing a notice of appeal with the planning director and the clerk of city council within ten days of the plan commission's decision. Toledo

27.

Municipal Code 1111.0810(B). Toledo Municipal Code 1111.0811(A) provides that "[a]ny person aggrieved by a final decision on a site plan application may make an appeal." On appeal, city council "*must* consider the appealed decision as a new matter." (Emphasis added.) Toledo Municipal Code 1111.0812.

{¶ 62} WOWE filed its notice of appeal as required under Toledo Municipal Code 1111.0810(B). But instead of allowing the matter to proceed before city council as required by the appeal procedure, the director of the plan commission diverted the matter to the commissioner, allegedly under authority of Toledo Municipal Code 111.1901(A), which permits "any person" to "apply to the Commissioner of Building Inspection and Code Enforcement for a written interpretation of [the] Zoning Code." I believe this was improper for two reasons.

{¶ 63} First, at the time the director sought the written interpretation, the matter had already been appealed to city council and was no longer before the plan commission. At this stage in the process, to permit the director of the plan commission to divert the matter to the commissioner (who could then deny "aggrieved party status") is tantamount to allowing a trial court to determine itself that a party lacks standing to appeal. I would find that once appealed, the director lacked authority to make any decision pertinent to the matter.

{¶ 64} Second, the "written interpretation" the director sought was a review of "aggrieved party status"—i.e., standing. The determination of a party's standing is more

28.

than a mere interpretation of the city's zoning code. As the majority explains, "[s]tanding is a constitutional issue" that presents "a question of law." As such, I would find that the commissioner was not authorized under the Toledo Municipal Code to determine WOWE's status as a "person aggrieved" for purposes of Toledo Municipal Code 111.0811(A). The reviewing body—city council—was charged with making any such determination.

{¶ 65} Accordingly, I agree with WOWE that the procedure for appeals set forth in the Toledo Municipal Code was not followed. I would find WOWE's first assignment of error well-taken.

### 2. Appeal to the BZA

{¶ 66} I would further find that the trial court erred when it concluded that WOWE was required to appeal the commissioner's decision to the BZA.

{¶ 67} Under Toledo Municipal Code 1111.1906, appeals of the commissioner's interpretation "may be taken by the applicant" to the BZA. Toledo Municipal Code 1111.2001 also authorizes the BZA to hear and decide appeals of orders, requirements, decisions, or determinations made by the commissioner of building inspection or the planning director. Given my opinion that it was procedurally improper to divert this matter to the commissioner for a review of WOWE's status as "a person aggrieved," I would also find that the trial court erred in concluding that WOWE was required to appeal the commissioner's decision to the BZA.

29.

{¶ 68} Again, as explained above, this matter was not properly before the commissioner or even the planning director at this stage of the process. Toledo Municipal Code 1111.0810 applies here, and the reviewing body under that code provision is city council—not the BZA. Accordingly, I would find that the trial court erred when it concluded that WOWE was required to appeal the commissioner's decision to the BZA, and I would find WOWE's second assignment of error well-taken.

{¶ 69} In summary, I would find that WOWE *does* have standing under R.C. Chapter 2506. I would find both of WOWE's assignments of error well-taken. And I would not address the merits of the commissioner's decision and would instead find that the matter must be remanded to city council.